UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN SANDERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN BITER, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-01536-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION AS UNTIMELY; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 12 |

　　Petitioner, a *pro se* prisoner, has filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely.[1] Petitioner has not filed an opposition, and the deadline to do so has long since passed.

## BACKGROUND

　　On January 7, 1999, in Santa Clara County Superior Court, a jury found Petitioner guilty of two counts of first-degree burglary. Docket No. 1 ("Pet.") at 1 and Docket No. 12 at 5–6. In March 1999, the trial court sentenced Petitioner to nineteen years and eight months in state prison. Docket No. 12 at 9–10.

　　On June 9, 2000, the California Court of Appeal affirmed Petitioner's judgment on appeal in an unpublished decision. Docket No. 12 at 5–21. On August 23, 2000, the California Supreme Court denied Petitioner's petition for review. *Id.* at 23.

---

[1] Petitioner initially named Martin Biter as the respondent in this action. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254, Christian Pfeiffer, the current warden of Kern Valley State Prison, where Petitioner is incarcerated, is hereby SUBSTITUTED as Respondent in place of the previously named respondent.

On June 25, 2014, Petitioner filed a petition for a writ of habeas corpus in Santa Clara County Superior Court, Docket No. 16, Ex. 1, which was denied on July 29, 2014, *id.*, Ex. 2. On September 10, 2014, Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal, *id.*, Ex. 3, which was denied on October 30, 2014, *id.*, Ex. 4. On January 5, 2015, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, *id.*, Ex. 5, which was denied on January 21, 2015, *id.*, Ex. 6.

The instant federal petition for a writ of habeas corpus was filed on March 17, 2015.[2] Docket No. 1-3 at 43. Petitioner raises five claims for relief: (1) ineffective assistance of both trial counsel and appellate counsel; (2) suggestive lineup violated his due process rights; (3) mistaken identity / actual innocence; (4) insufficient evidence of intent; and (5) insufficient evidence of burglar's identity.

## DISCUSSION

**A.   Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. As a general rule, petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which the judgment became final after the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court

---

[2] Although the petition was stamped "filed" at the Court on April 3, 2015, the petition has a signature date of March 17, 2015, Docket No. 1 at 17, and the proof of service also has a signature date of March 17, 2015, Docket No. 1-3 at 43. As a *pro se* prisoner, Petitioner receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The Court will assume he gave the petition to prison officials for mailing on the date he signed the proof of service, and deem the federal petition filed as of that date.

1    Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner
2    did not file petition for certiorari, his conviction became final 90 days after the California Supreme
3    Court denied review); *Bowen*, 188 F.3d at 1159 (same).

4        Here, because Petitioner did not seek a writ of certiorari from the United States Supreme
5    Court, Petitioner's judgment became final on November 21, 2000, ninety days after the state
6    supreme court denied review on August 23, 2000. Petitioner therefore had one year, or until
7    November 21, 2001, to file his federal habeas petition. The instant petition was filed March 17,
8    2015, nearly thirteen years and four months after the limitations period expired. The instant
9    petition is therefore untimely unless Petitioner is entitled to either (1) statutory tolling of the one-
10   year limitations period pursuant to 28 U.S.C. § 2244(d)(2); (2) delayed commencement of the
11   limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B)-(D); (3) equitable tolling of the
12   limitations period; or (4) the "miscarriage of justice" exception.

13       1.  <u>Statutory Tolling</u>

14       Section 2244(d)(2) provides for tolling of the one-year statute of limitations for the "time
15   during which a properly filed application for State post-conviction or other collateral review with
16   respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, Petitioner
17   has filed habeas petitions in state court.
18       However, a state habeas petition filed after AEDPA's statute of limitations ended cannot
19   toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)
20   ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before
21   the state petition was filed," even if the state petition was timely filed) (holding that Oregon's two-
22   year limitations period for the filing of state habeas petitions does not alter the operation of
23   AEDPA, even though prisoners who take full advantage of the two-year period will forfeit their
24   right to federal habeas review); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (same). In
25   other words, Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart
26   the clock to zero); it can only serve to pause a clock that has not yet fully run. *See*, *e.g.*, *Rashid v.
27   Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired,
28   collateral petitions can no longer serve to avoid the statute of limitations.").

1   Petitioner's state habeas petition was filed on June 25, 2014, over thirteen and a half years
2   after the limitations period expired. Petitioner is therefore not entitled to statutory tolling of the
3   limitations period under section 2244(d)(1).

### 2. Delayed Commencement

Section 2244(d)(1)(B)-(D) allows for delayed commencement of the limitations period to the date when (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D).

Petitioner alleges that his delay in raising the claims in the instant petition was due to the following factors: (1) his lack of education; (2) his unfamiliarity with the legal system; (3) lack of funds to hire an attorney; (4) lack of access to the prison law library due to lockdowns; (5) being brainwashed into believing that he was guilty; and (6) mental health issues from 1999 to 2009. Docket No. 1-1 at 12–13. None of these factors entitle Petitioner to delayed commencement of the filing period pursuant to Section 2244(d)(1)(B)-(D).

Subsections B and C do not apply because Petitioner does not assert that unconstitutional state action prevented him from filing or that the constitutional rights asserted in this petition are newly recognized by the Supreme Court.

Nor is Petitioner entitled to delayed commencement of the limitations period under subsection D. With the exception of his mental health issues, none of these factors prevented Petitioner from exercising due diligence and discovering the factual predicate of his habeas claims. Indeed, Petitioner was ultimately able to file the instant petition even though there was no change in his level of education, his familiarity with the legal system, his financial status, or his access to the prison law library. Similarly, Petitioner's belief that he was guilty, even if mistaken, did not prevent him from exercising due diligence to discover the claims alleged in the instant petition. The facts supporting his claims — the suggestiveness of the lineup; his purchase of the stolen items off the street; his appearance being inconsistent with the description of the burglar given by

4

the witness; the witness' inconsistent testimony — were all facts known to him at the time of trial. In essence, Petitioner is arguing that he was unaware of the significance of these facts until after he realized his innocence. However, the limitations period under subsection D begins "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)) (remanding case to district court for further factual findings concerning determination of when, with exercise of due diligence, petitioner could have discovered facts to support prejudice prong of IAC claim).

A petitioner's mental health issues may entitle him to delayed commencement of the limitations period under subsection D. *Cf. Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) ("Although section 2244(d)(1)(D)'s due diligence requirement is an objective standard, a court also considers the petitioner's particular circumstances."); *Moore v. Knight*, 368 F.3d 936, 940 (7th Cir. 2004) ("a due diligence inquiry should take into account that prisoners are limited by their physical confinement"). However, Petitioner states that his mental health issues were resolved in 2009. Assuming arguendo that Petitioner's mental health issues entitled him to delayed commencement of the limitations period under subsection D and that Petitioner's mental health issues were resolved by June 9, 2009,[3] the limitations period would have started on June 10, 2009, and expired on June 10, 2010. The instant habeas petition, filed on March 17, 2015, is still untimely.[4]

    3. <u>Equitable Tolling</u>

---

[3] Petitioner's mental health records indicate that on June 9, 2009, Petitioner was discharged from the California Department of Corrections and Rehabilitation's Mental Health Services Delivery System and, at that time, had been free of psychotropic medications for six months.

[4] The Court notes that Petitioner has only made a conclusory statement that he suffered from mental health issues from 1999 to 2009. Although Petitioner has attached some prison mental health records to his petition, Docket No. 1-2 at 5–12, these records are inconclusive as to the extent of Petitioner's mental health issues and whether they would have prevented him from exercising due diligence to determine the factual predicate of his habeas claims. The records state generally that Petitioner met the criteria for mental health treatment; that he was prescribed psychotropic medications; and that he was observed for suicide prevention in 2004. *See id.* But the records also indicate that his comprehension was adequate in 2003, which would imply that his mental health issues would not have prevented him from exercising due diligence and researching his habeas claims. *See id.* at 6.

5

For similar reasons, the factors cited by Petitioner do not entitle him to equitable tolling either. The Supreme Court has determined that § 2244(d), AEDPA's statute of limitations, is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, equitable tolling applies <u>only</u> where a petitioner makes a showing that (1) he has been pursuing his rights diligently; <u>and</u> (2) "extraordinary circumstances" beyond his control prevented him from timely filing. *Holland*, 560 U.S. at 649; *accord Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).

As discussed *supra* in Section A.2, there has been no change in Petitioner's education level, his financial situation, his familiarity with the legal system, or his access to the prison law library, yet Petitioner was able to file the instant petition in March 2015. Regardless of whether these specific factors constitute extraordinary circumstances,[5] they did not prevent him from timely filing. Similarly, Petitioner's mistaken belief in his guilt did not prevent him from filing the instant habeas petition. As discussed *supra* in Section A.2, Petitioner's claims for relief are not predicated on his innocence.

Under certain circumstances, mental impairment may render a petitioner eligible for equitable tolling. *See*, *e.g.*, *Bills v. Clark*, 628 F.3d 1092, 1099–100 (9th Cir. 2010). However, as discussed *supra* in Section A.2, Petitioner's alleged mental impairment ended on June 9, 2009, which would cause the statute-of-limitations clock to start running on June 10, 2009. *See Luna v. Kernan*, 784 F.3d 640, 652 (9th Cir. 2015) (the statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier) (citing *Gibbs v. LeGrand*, 767 F.3d 879, 891–92 (9th Cir. 2014)). The statute of limitations therefore expired on June 10, 2010. The instant habeas petition, filed on

---

[5] The Ninth Circuit has held that neither a *pro se* petitioner's lack of legal sophistication, nor "ordinary prison limitations on . . . access to the law library" constitute extraordinary circumstances warranting equitable tolling. *Rasberry*, 448 F.3d at 1154; *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009); *cf. Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of *pro se* petitioner not sufficient cause to avoid procedural bar); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (*pro se* status, illiteracy, deafness and lack of legal training not external factors excusing abuse of the writ).

1   March 17, 2015, is still untimely.

2       4.   <u>Actual Innocence Gateway</u>

3   The United States Supreme Court has held that a federal court may hear untimely claims if
4   the failure to hear the claims would constitute a "miscarriage of justice." *See McQuiggin v.*
5   *Perkins*, 133 S. Ct. 1924, 1931–32 (2013) (holding that miscarriage of justice (actual innocence)
6   showing applies to claims filed after the AEDPA statute of limitations has run, as well as to
7   successive, abusive and procedurally defaulted claims); *Lee v. Lampert*, 653 F.3d 929, 931 (9th
8   Cir. 2011) (en banc). By the traditional understanding of habeas corpus, a "miscarriage of justice"
9   occurs whenever a conviction or sentence is secured in violation of a constitutional right. *See*
10  *Smith v. Murray*, 477 U.S. 527, 543–44 (1986). However, the Supreme Court limits the
11  miscarriage of justice exception to habeas petitioners who can show that "a constitutional violation
12  has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S.
13  298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)); *see Johnson v. Knowles*,
14  541 F.3d 933, 937 (9th Cir. 2008) ("[t]he miscarriage of justice exception is limited to those
15  *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot
16  have confidence in the contrary finding of guilt") (emphasis in original); *see id*. at 936–37
17  (holding miscarriage of justice exception did not apply where petitioner conceded his guilt but
18  argued evidence of state's and attorney's misconduct resulted in his being held in prison longer
19  than he should have been).

20  Under this "equitable exception," a petitioner "may pass through the *Schlup* gateway and
21  have his otherwise time-barred claims heard on the merits." *Lee*, 653 F.3d at 932. In order to do
22  so, "a petitioner must produce sufficient proof of his actual innocence to bring him "within the
23  'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup*, 513 U.S. at
24  314–15 (omission in original) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). The
25  evidence of innocence must be "so strong that a court cannot have confidence in the outcome of
26  the trial unless the court is also satisfied that the trial was free of nonharmless constitutional
27  error." *Id*. at 316. A petitioner "must show that it is more likely than not that no reasonable juror
28  would have convicted him in the light of the new evidence." *Id*. at 327. This exacting standard

"permits review only in the 'extraordinary' case," but it "does not require absolute certainty about the petitioner's guilt or innocence." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327). A petitioner must support his claims "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner is not entitled to this equitable exception because he has failed to provide new, reliable evidence of actual innocence. In support of his claim of actual innocence, Petitioner only points out weaknesses in the trial testimony (the witnesses were unable to identify anyone during a photo lineup, *see id.* Docket No. 1-1 at 4; Petitioner did not match the description of the burglar given by the witness, *see id.* at 5; and the witness that identified him gave inconsistent testimony, *see id.*); and argues that he is legally not guilty (Petitioner lacked the intent necessary for burglary, *see id.* at 8). These arguments do not involve new evidence, as required by *Schlup*. Petitioner's remaining assertion in support of his actual innocence is that he purchased the stolen property off the street from a person matching the description given of the burglar. *See id.* at 9. Petitioner alleges that his trial attorney was aware of this information but failed to present it at trial. *See id.* Petitioner provides no evidence to support his assertion. Petitioner's statement, without more, does not constitute reliable evidence of actual innocence. *See*, *e.g.*, *Schlup*, 513 U.S. at 324 (enumerating three categories of reliable evidence that could provide reliable evidence: exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence); *Lee*, 653 F.3d at 945–46 (Kozinski, J. concurring) ("By enumerating the categories of evidence that could prove innocence, the Supreme Court made clear that less reliable kinds of evidence cannot support an actual innocence claim.") (discussing *Schlup*).

**B.      Certificate of Appealability**

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing Habeas Corpus Cases Under Section 2254, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the

8

certificate must indicate which issues satisfy this standard. *Id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

## CONCLUSION

For the reasons stated above, Respondent's motion to dismiss the petition as untimely is GRANTED. The petition for a writ of habeas corpus is DENIED as untimely, and a certificate of appealability is DENIED.

The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED.**

Dated:  2/16/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge